UNITED STATES v. BREWER et al.

(Circuit Court of Appeals, Second Circuit. January 30, 1899.)

No. 52.

CUSTOMS DUTIES—REIMPORTATION OF AMERICAN-MADE BAGS—IDENTIFICATION —TREASURY REGULATIONS.

Under paragraph 493 of the tariff act of October 1, 1890, which permits the free reimportation of certain articles of American manufacture, including bags which have been exported filled with American products, or exported empty and returned filled with foreign products, but requires proof of identity to be "made under general regulations to be prescribed by the secretary of the treasury," the provision as to the manner of proof is of the essence of the exemption; and, the secretary having promulgated such general regulations, reasonable in their requirements, an importer cannot ignore them, and obtain the exemption by substituting other evidence satisfactory to the customs officers. Bags claimed to have been exported filled from another port, but of which fact no certificate of the collector is furnished, as required by article 331 of the treasury regulations, are properly dutiable.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This cause comes here upon appeal from a decision and judgment of the circuit court, Southern district of New York, which affirmed the decision of the board of United States general appraisers, which had reversed the decision of the collector in regard to the classification for duty of certain empty bags.

D. Frank Lloyd, Asst. U. S. Atty.

Stephen G. Clarke, for appellees.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

LACOMBE, Circuit Judge. The importers do not object to the rate of duty if the bags are dutiable, but contend that they are entitled to free entry, under paragraph 493 of the tariff act of October 1, 1890. That paragraph provides that, among the articles exempt from duty, there shall be included "bags * * * of American manufacture

\* \* \* exported filled with American products or exported empty and returned filled with foreign products; \* \* \* but proof of the identity of such articles shall be made under general regulations' to be prescribed by the secretary of the treasury." Construing this paragraph in U. S. v. Dominici, 24 C. C. A. 116, 78 Fed. 334, this court held that "this express provision as to proof is \* \* \* of the essence of the exemption from duty which paragraph 393 accords." In compliance with the provisions of paragraph 493, the secretary of the treasury prescribed general regulations for making proof of identity. One of such regulations reads as follows:

"Art. 331. If returned to the port of original exportation, the fact of regular clearance for a foreign destination must be shown by the records of the customs, except in regard to exports to Canada, and by the declaration of the person making the entry. But when the reimportation is made into a port other than that of original exportation, there shall be required, in addition to the declaration, a certificate from the collector and a naval officer, if any, of the port where the exportation was made, showing the fact of exportation from that port."

On April 6, 1893, the appellees imported by the Bovic, from Liverpool, 50,000 empty bags. They claimed that all of these were of American manufacture, and stated on their entry that the bags had been exported from San Francisco filled with American products, as follows: Twenty thousand bags by the Dovenby, August 16, 1892; 10,000 bags by the Earlscourt, July 8, 1892; and 20,000 bags by the Glaucus, December 21, 1891. They also presented a certificate to the like effect, of the foreign shipper, attested by a United States consul, as provided in article 336 of the regulations. Certificates from the collector of the port of San Francisco, whence it is claimed the bags were exported, covered 20,000 bags by the Dovenby, and 10,000 by the Earlscourt, but showed that only 7,880 bags had been exported by the Glaucus. On the difference between this amount and 20,000—viz. 12,120 bags—the collector at New York exacted duty. Upon being informed of the discrepancy of certificates as to the Glaucus, the importers secured an additional certificate from the foreign shipper, duly attested, setting forth that the 12,120 bags were exported from San Francisco by the Cara, December 28, 1896. The board of appraisers found, as the evidence shows, that the statement in the first foreign shipper's certificate, "20,000 by Glaucus," was a clerical error; and, being satisfied by proof sufficient to convince their minds that all the bags were in fact of American manufacture, reversed the decision of the collector. The circuit court reached the same conclusion.

This cause is within the ruling in U. S. v. Dominici, supra. The paragraph of the tariff act is the same; the regulations of the secretary of the treasury have been duly made and promulgated; there has been no attempt to defeat the provisions of the act by prescribing unreasonable regulations, or such as it is impossible to comply with,—indeed, the particular one in controversy (article 331, supra) seems to provide the most natural and effective method for determining the identity of the articles claimed to have been "exported empty, or exported filled with American products." Therefore, since no certificate from San Francisco of exportation of the 12,120 bags by the Cara was ever laid before the collector (and, indeed, no effort to obtain

such certificate was made by the importer), the proof of identity which the statute provided for was never made, and the bags in question were not entitled to free entry. The decision of the circuit court is reversed.