UNITED STATES v. BREWER et al.

(Circuit Court of Appeals, Second Circuit. January 30, 1899.)

No. 53.

1. CUSTOMS DUTIES—REIMPORTATION—METHOD OF IDENTIFICATION.

Where bags of American manufacture, on being exported to be returned, were marked for identification as required by article 336 of the treasury regulations, but on their attempted reimportation an examination of sample packages disclosed but 8 per cent. having the same marks, they were not entitled to free entry under paragraph 493 of the tariff act of October 1, 1890, on other proof that they were of American manufacture.

2. SAME—CLASSIFICATION—DUTY OF IMPORTER TO SEPARATE FREE FROM DUTIABLE GOODS.

It is the duty of an importer to make affirmative proof of a state of facts relieving his merchandise from duty to which it would otherwise be subject, and to segregate from the same class of goods such portions as are claimed to be free. He cannot require the officers to separate free from dutiable goods indiscriminately mingled, and in such case duty should be assessed on all.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This cause comes here upon appeal from a decision of the circuit court, Southern district of New York, reversing a decision of the board of general appraisers which had affirmed a decision of the collector of the port of New York touching the classification of certain merchandise for customs duties.

D. Frank Lloyd, Asst. U. S. Atty.

Stephen G. Clarke, for appellees.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

PER CURIAM. The articles imported were 50,000 flour bags, which the appellees contend were duty free under paragraph 493 of the tariff act of October 1, 1890, as "bags of American manufacture." The provisions of the statute and treasury regulations will be found recited in our opinion in U. S. v. Brewer (filed to-day) 92 Fed. 341. The various documents required by the treasury regulations were presented to the collector. It appears from the findings of the board of general appraisers that:

"To establish the identity required by law a list of brands was furnished by the importer, with the number of bags bearing each brand exported by four several vessels, to wit: By the Durham City, 19,315; by the Boston City, 12,524; by the Charlotte, 18,100; and by the Ariadne, 61,—thus accurately accounting for the whole importation of 50,000 bags." "But when the contents of one bale came to be examined, the bale was found to contain only thirteen brands which were included in the invoice list, and 152 brands which were nowhere on the invoice list. In other words, there was prima facie identification of 8 per cent. of the contents of this bale, and conclusive disproof of the identity of 92 per cent. thereof."

The circuit court held that the bags were entitled to free entry, because they were in fact of American manufacture.    We are unable to concur in this decision, because the importers failed to prove that fact in the way prescribed by the treasury regulations.    Article 336 of those regulations prescribes that:

"Such bags  *  *  *  exported to be returned should, when practicable, be marked or numbered, in order that they may be identified on their return; and the marks or numbers should appear on the shipper's manifest upon which they are exported."

It does not appear that such marking or numbering was impracticable; on the contrary, the bags were marked and numbered, but neither marks nor numbers conformed to the marks and numbers on the export certificate.    No question was raised in the protest that the examination was not made of a sufficient number of bales.    The opinion of the board most clearly explains the necessity of an identification of such merchandise by marks and numbers, and we entirely concur with their conclusion that:

It is "the duty of the importer to make affirmative proof of a state of facts relieving his merchandise from duty to which it would otherwise be subjected, and that he should segregate from the same class of goods such portions as are claimed to be free.    He does not perform his duty by throwing upon the hands of the examining officers importations enormous in bulk and number, containing goods that are free and dutiable indiscriminately mingled together, and requiring an army of officials to separate them.    If segregated. the appraiser's subordinates could make such an inspection as is contemplated by law to verify the declarations made on entry; and the law does not contemplate the individual handling of the countless millions of articles of imported merchandise.    Such a method of administration, if made necessary, would require the expenditure of the revenue in the effort to collect it, or would entail unendurable and obstructive delays in the management of the public business."

We do not find in U. S. v. Ranlett, 19 Sup. Ct. 114, any reason for disagreeing with the conclusion of the board that, upon the examination, the collector was warranted in classifying the entire importation as liable to duty; and the record does not furnish sufficient evidence on which to make any division into free and dutiable bags.    The decision of the circuit court is reversed.