SAVINGS & TRUST CO. OF CLEVELAND, OHIO, v. BEAR VALLEY IRR. CO. et al. (SPRECKELS BROS. COMMERCIAL CO., Intervener).

(Circuit Court, S. D. California. March 20, 1899.)

1. JUDGMENT—LIEN ON PROPERTY IN HANDS OF RECEIVERS.
   The filing of a transcript of a judgment against a corporation in a county, as required by the statute of California to make the judgment a lien on real estate therein, does not create a lien on property which had been previously conveyed by the defendant to receivers under an order of court, nor entitle the judgment to any preference, in the distribution of assets, over other personal judgments.

2. INSOLVENT CORPORATIONS—PREFERENTIAL CLAIMS.
   The principal on which claims for labor or materials furnished to a corporation of a public nature, like a railroad, to keep its business going, are given priority in equity over a prior mortgage, does not apply to materials furnished to an irrigation company for use in the original construction of its works.

3. SAME—FORECLOSURE SUIT—RIGHT OF GENERAL CREDITOR TO INTERVENE.
   A general creditor of an insolvent corporation, whose property is in the hands of a receiver, in a foreclosure suit, has sufficient interest in any surplus which may remain after payment of the liens to be entitled to become a party by intervention.

On Application for Leave to Intervene.

Wm. J. Hunsaker, for complainant.
H. L. Titus, for intervener.

ROSS, Circuit Judge. This is an application on the part of the Spreckels Bros. Commercial Company for leave to file a petition in intervention. The suit in which the intervention is thus sought was brought for the foreclosure of a certain mortgage executed by the Bear Valley Irrigation Company to the Savings & Trust Company of Cleveland, Ohio, and also for the foreclosure of certain receivers' certificates issued by the authority and direction of this court in a former suit brought herein by one James Gilbert Foster against the Bear Valley Irrigation Company and others, in which suit that company, under and pursuant to an order therein made by this court, conveyed all of its property to certain receivers therein appointed, including the property covered by the mortgage sought to be foreclosed in the present suit. From those receivers the title to the property passed, under the orders of this court, to, and is now held by, the receiver appointed in the present suit. The validity of neither the mortgage nor the receivers' certificates, to which title is asserted by the complainant, is questioned by the petition now sought to be filed. The latter is based upon certain indebtedness due from the Bear Valley Irrigation Company to the Spreckels Bros. Commercial Company, which arose and exists, according to the aver-

ments of the petition in intervention, in this wise: Subsequent to the execution of the mortgage mentioned, the Spreckels Bros. Commercial Company furnished to the Bear Valley Irrigation Company certain cement, to be, and which was, used by the irrigation company in the construction of a certain irrigating ditch. This was prior to the litigation in which the irrigation company afterwards became involved, and while it was carrying on its ordinary business. As collateral security for the amount due it for the cement, the Spreckels Bros. Commercial Company took from the Bear Valley Irrigation Company certain bonds of the Perris irrigation district, which bonds were afterwards sold by the pledgee, and the proceeds thereof applied on the indebtedness; leaving, however, much the larger part of the indebtedness still due. For this balance the Spreckels Bros. Commercial Company, subsequent to the institution of the present suit, brought an action against the Bear Valley Irrigation Company in the superior court of the county of San Diego, Cal., in which action it recovered a judgment, certified copies of which were recorded in the counties of Riverside and San Bernardino, where the property covered by the mortgage and receivers' certificates is situated. That judgment in favor of the Spreckels Bros. Commercial Company remains unpaid.

In respect to judgment liens, a statute of California provides:

"A transcript of the original docket, certified by the clerk, may be filed with the recorder of any other county, and from the time of the filing the judgment becomes a lien upon all the real property of the judgment debtor not exempt from execution in such county, owned by him at the time, or which he may afterwards, and before the lien expires, acquire. The lien continues for two years unless the judgment be previously satisfied." Code Civ. Proc. Cal. § 674.

Assuming that the effect of the filing of a certified copy of the judgment is the same as the filing of "a transcript of the original docket, certified by the clerk," as prescribed by the statute, yet, at the time of the filing in San Bernardino and Riverside counties of certified copies of the judgment in favor of the Spreckels Bros. Commercial Company, the Bear Valley Irrigation Company owned none of the real property covered by the complainant's mortgage or the receivers' certificates sued upon, nor has it since acquired ownership thereof. The Spreckels Bros. Commercial Company, therefore, has not acquired any judgment lien upon any of the realty covered by the mortgage or receivers' certificates upon which the bill is based, and has only a personal judgment against the Bear Valley Irrigation Company. Savings & Trust Co. v. Bear Valley Irr. Co., 89 Fed. 32. "And the same reasons, or reasons equally strong as those which have settled the question that a judgment subsequently acquired in another court, or in the same court in another suit, does not create a legal lien on any of the property being administered, exclude the holder from acquiring thereby an equitable lien or right of preference in the assets." Mercantile Trust Co. v. Southern States Land & Timber Co., 30 C. C. A. 359, 86 Fed. 711, 721; Hollins v. Iron Co., 150 U. S. 371, 14 Sup. Ct. 127; Richmond v. Irons, 121 U. S. 27, 7 Sup. Ct. 788.

Nor does the petition of Spreckels Bros. Commercial Company bring its claim within the rule which, within certain limitations, accords to claims for labor and supplies furnished a quasi-public corporation, to keep it going, priority over mortgage liens; for here, according to the petition, the cement furnished the Bear Valley Irrigation Company was for the original construction of one of its ditches, and was so used. To allow a preference over a mortgage lien for supplies furnished for such a purpose, and so used, would be destructive of the mortgagee's rights, and would find no justification in the rule under which receivers of railroads, and other corporations of like nature, are, under proper conditions and limitations, allowed and directed by the courts to pay out of the proceeds, or even out of the corpus of the property, certain debts and obligations incurred, within a limited time prior to the receivership, in the ordinary operation and maintenance of the property. Such action is grounded in the principle that the corporation, having public duties to perform, must be kept a going concern while in the hands of the court, and that claims of the character indicated, which it is not usually practicable to pay in cash, should be paid as they would have been paid if the court had not taken the control of the property from the corporation. See Miltenberger v. Railroad Co., 106 U. S. 286, 311, 1 Sup. Ct. 140; Kneeland v. Trust Co., 136 U. S. 89, 97, 10 Sup. Ct. 950; Thomas v. Car Co., 149 U. S. 95, 13 Sup. Ct. 824; Wood v. Safe-Deposit Co., 128 U. S. 416, 9 Sup. Ct. 131; Railroad Co. v. Hamilton, 134 U. S. 296, 306, 10 Sup. Ct. 546; Lackawanna Iron & Coal Co. v. Farmers' Loan & Trust Co., 24 C. C. A. 487, 79 Fed. 202; Atlantic Trust Co. v. Woodbridge Canal & Irr. Co., 79 Fed. 39.

The petitioner, therefore, occupies the position of a general creditor, only, of the defendant Bear Valley Irrigation Company, having no lien upon any of the real property which forms the subject of the foreclosure suit. It was not, therefore, a necessary party to the suit, and, if made such, could do nothing by way of defense to the complainant's suit. Stout v. Lye, 103 U. S. 66, 70. Nevertheless, as such general creditor the petitioner has an interest in any surplus that may remain after the complainant's liens are satisfied; and, since the possession and control of the property by the court through its receivers have prevented, and still prevent, the petitioner from proceeding against it under its judgment, the petitioner ought, I think, to be allowed to come into this suit, in order that it may be, in the language of the circuit court of appeals for the Seventh circuit in the case of Louisville Trust Co. v. Louisville, N. A. & C. Ry. Co., 28 C. C. A. 205, 84 Fed. 539, 541, "in condition to keep an eye on the proceedings," and in condition to secure protection of its interest in any such surplus. The motion for leave to file the petition in intervention is granted.