ROBERTS v. UNITED STATES.

(Circuit Court, D. Massachusetts. March 30, 1910.)

No. 617 (2,084).

CUSTOMS DUTIES (§ 68*)—AMERICAN GOODS REIMPORTED—TREASURY REGULATIONS.

The regulations for the proof of identity of American goods, prescribed by the Secretary of the Treasury under the authority of Tariff Act July 24, 1897, c. 11, § 2, Free List, par. 483, 30 Stat. 195 (U. S. Comp. St. 1901, p. 1680), must be complied with. Congress having provided this mode of proof, no other can be permitted; this express provision being of the very essence of the exemption permitted by the law.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 68.*]

On Application for Review of a Decision by the Board of United States General Appraisers.

For decision below, see G. A. 6,926 (T. D. 29,964), in which the Board of Appraisers affirmed the assessment of duty by the collector of customs at the port of Boston on merchandise imported by Frank L. Roberts.

John J. Walsh, for importer.

D. Frank Lloyd, Deputy Asst. Atty. Gen. (Thomas M. Lane, of counsel), for the United States.

COLT, Circuit Judge. This importation consisted of several tierces of pork preserved in brine, which the importer contends should have been admitted free of duty under the following provisions of paragraph 483 of the tariff act of 1897 (Act July 24, 1897, c. 11, § 2, Free List, 30 Stat. 195 [U. S. Comp. St. 1901, p. 1680]):

"Articles the growth, produce, and manufacture of the United States, when returned after having been exported, without having been advanced in value or improved in condition by any process of manufacture or other means; * * * but proof of the identity of such articles shall be made, under general regulations to be prescribed by the Secretary of the Treasury."

Among the regulations prescribed by the Secretary of the Treasury under this paragraph are the following, contained in article 570, Customs Regulations 1908, and article 331, Customs Regulations 1892:

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"Art. 570. Declaration—Oath.—There shall be filed with the entry a declaration made by the foreign exporter of the goods before the United States consul, stating that the merchandise was imported from the United States, and that it was not advanced in value or improved in condition by any process of manufacture or other means while abroad, and also an oath or declaration of the owner, importer, consignee, or agent on form catalogue '594."

"Catalogue 594.

"Oath for Return of American Products Exported.

"(Art. 331, Customs Regulations 1892.)

"I,......, do solemnly, sincerely, and truly swear (or affirm) that the several articles of merchandise mentioned in the entry hereto annexed are, to the best of my knowledge and belief, truly and bona fide of the growth (or production or manufacture) of the United States, that they were truly exported and imported as therein expressed, that they were returned without having been advanced in value or improved in condition by any process of manufacture, or other means, and that no drawback, bounty, or allowance has been paid or admitted thereon, or on any part thereof.

"............................

"Port of......

"Sworn to this ...... day of ......

"............, Collector."

The petitioner has offered no proof, so far as appears from the record, of a compliance with these treasury regulations, and therefore he cannot avail himself of the rights secured under paragraph 483. It has been held by the Circuit Court of Appeals for the Second Circuit that, Congress having expressly provided for one mode of proof, and for one only, no other can be permitted, and that this express provision as to proof is of the very essence of this exemption from duty.

In United States v. Dominici, 78 Fed. 334, 338, 339, 24 C. C. A. 116, 120, Judge Lacombe, speaking for the court, said:

"It is not disputed that upon the record before this court it appears that the proof of identity required by the treasury regulations was not furnished; but the importers insist that the furnishing of such proof is not a prerequisite of free entry, if they can show to the court in some other way that their shooks are in fact of American manufacture. We are unable to assent to any such proposition. * * * The rights secured to the importer by the statute are in no wise modified or interfered with, or injuriously affected, by the regulations, which are nowhere suggested to be contradictory of the statute, or unjust, unfair, or even unreasonable. 'When a mode of proof is prescribed by the terms of the law, or by its fair interpretation, no other than the statutory evidence can be admitted.' Dutilh v. Maxwell, 2 Blatchf. 541, Fed. Cas. No. 4,207. Here Congress has expressly provided for one mode of proof, and for one only, in the very same sentence in which it provides for free entry; and it is difficult to understand on what theory it could be held that this express provision as to proof is not of the essence of the exemption from duty which that sentence accords to the importer who may bring his importations within its terms."

See also, to the same effect, United States v. Brewer, 92 Fed. 341, 342, 34 C. C. A. 390.

Upon this ground the decision of the Board of General Appraisers is affirmed.